Stephen J. Akerley (CA Bar No. 160757)
DECHERT LLP
Email: stephen.akerley@dechert.com
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Telephone: (650) 813-4800
Fax: (650) 813-4848

Kevin M. Flannery
Vincent A. Gallo
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

Attorneys for Plaintiff
*Repro-Med Systems, Inc. (d/b/a RMS Medical Products)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REPO-MED SYSTEMS, INC. (d/b/a RMS MEDICAL PRODUCTS), <br><br> Plaintiff, <br><br> v. <br><br> EMED TECHNOLOGIES CORPORATION, <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Repro-Med Systems, Inc. (doing business as RMS Medical Products) ("RMS Medical"), by and through its attorneys, alleges as follows:

**JURISDICTION**

1. This action arises under the patent laws of the United States, specifically Title 35 of the United States Code. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Further, because this action presents an actual

1  controversy with respect to the invalidity and non-infringement of U.S. Patent No. 8,500,703
2  ("the '703 patent"), the Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and
3  2202.

4  2. On information and belief, Defendant EMED Technologies Corporation
5  ("EMED") is subject to personal jurisdiction in the Eastern District of California because
6  EMED's principal place of business is in this district.

7  3. Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### NATURE OF THE CASE

4. RMS Medical seeks a declaratory judgment that the '703 patent is invalid and that neither RMS Medical nor its products have infringed, induced others to infringe, or contributed to the infringement by others of the '703 patent. This relief is necessary because EMED has notified RMS Medical via letters that RMS Medical's HIgH-Flo™ Subcutaneous Safety Needle Sets ("HIgH-Flo Products") allegedly infringe the claims of the '703 patent, and demanded that RMS Medical discontinue making, using, offering for sale, selling, and/or importing the HIgH-Flo Products.

### PARTIES

5. RMS Medical is a New York corporation, with its principal place of business located at 24 Carpenter Road, Chester, NY 10918.

6. On information and belief, Defendant EMED is a Nevada corporation, with its principal place of business located at 1264 Hawks Flight Court, El Dorado Hills, CA 95762.

### FACTUAL BACKGROUND

7. RMS Medical is a company that specializes in developing and manufacturing portable medical devices. The HIgH-Flo Products are one of RMS Medical's products.

8. On May 1, 2013, counsel for EMED sent a letter ("the May 1 Letter") to RMS Medical accusing RMS Medical's HIgH-Flo Products of infringing the claims of filed Patent Application No. 12/187,256. The May 1 Letter informed RMS Medical that its "continued making, using, offering to sell, selling, and/or importing into the United States of [the HIgH-Flo P]roducts may subject [RMS Medical] to the provisional rights afforded by 35 U.S.C. Section

154(d) and remedies arising by any subsequent patent that may be granted upon the Patent Application." The May 1 Letter further demanded that RMS Medical "discontinue making, using, offering for sale, selling, and/or importing the above-named products." A copy of the May 1 Letter is attached hereto as Exhibit A.

9. The '703 patent subsequently issued from Application No. 12/187,256. EMED purports to be the current owner of the '703 patent, entitled "DEVICES AND METHODS FOR PROTECTING A USER FROM A SHARP TIP OF A MEDICAL NEEDLE." The '703 patent issued on August 6, 2013. A copy of the '703 patent is attached hereto as Exhibit B.

10. On August 21, 2013, counsel for EMED sent another letter ("the August 21 Letter") to RMS Medical, informing RMS Medical that the '703 Patent had issued and reiterating EMED's previous demands, and further threatening to seek, inter alia, treble damages for willful infringement. A copy of the August 21 Letter is attached hereto as Exhibit C.

11. Based on EMED's conduct, there is an actual, substantial, continuing, and justiciable controversy between RMS Medical, on one hand, and EMED, on the other hand, relating to the purported infringement of the '703 Patent. As such, there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

12. No claim of the '703 patent can be validly construed to be infringed by the HIgH-Flo Products.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '703 Patent)**

13. RMS Medical realleges and incorporates paragraphs 1 to 12 as if fully set forth herein.

14. Neither RMS Medical nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '703 patent.

15. RMS Medical seeks and is entitled to a declaratory judgment that neither it nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '703 patent.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Patent Invalidity of the '703 Patent –
35 U.S.C. §§ 102, 103, & 112)**

16. RMS Medical realleges and incorporates paragraphs 1 to 15 as if fully set forth herein.

17. The '703 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 102, 103, and 112.

18. RMS Medical seeks and is entitled to a declaratory judgment that all claims in the '703 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, RMS Medical respectfully requests the Court to enter judgment in its favor and against EMED as follows:

A. For judgment that neither RMS Medical nor its products infringes or has infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '703 patent;

B. For judgment that the '703 patent, and each of the claims therein, are invalid;

C. A judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RMS Medical to an award of its reasonable attorneys' fees, expenses, and costs in this action; and

D. For such other and further relief as the Court deems just.

**JURY DEMAND**

Plaintiff's demand a trial by jury.

Dated: September 20, 2013         DECHERT LLP


                                  By:*/s/ Stephen J. Akerley*
                                      Stephen J. Akerley
                                      Kevin M. Flannery
                                      Vincent A. Gallo

                                  *Attorneys for Plaintiff
                                  Repro-Med Systems, Inc. (d/b/a RMS
                                  Medical Products)*