Oliver W. Wanger (SBN 40331)
Josiah M. Prendergast (SBN 292840)
Micaela L. Neal (SBN 287107)
**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone:   (559) 233-4800
Facsimile:    (559) 233-9330
E-mail:         owanger@wjhattorneys.com

Alexander M. Medina (SBN 222015)
Daniel J. Croxall (SBN 258390)
**MEDINA MCKELVEY LLP**
983 Reserve Drive
Roseville, CA 95678
Telephone:  (916) 960-2211
Email:  alex@medinamckelvey.com

Attorneys for: Defendant and Counterclaim-Plaintiff EMED Technologies Corporation, a California corporation

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| REPRO-MED SYSTEMS, INC. (dba RMS MEDICAL PRODUCTS),<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>EMED TECHNOLOGIES CORPORATION,<br><br>Defendant and Counterclaim-Plaintiff. | Case No. 2:13-CV-01957-TLN-CKD<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER THEREON** |

Plaintiff and Counterclaim-Defendant Repro-Med Systems, Inc. ("RMS") and Defendant and Counterclaim-Plaintiff EMED Technologies Corporation ("EMED") (collectively the "Parties") hereby stipulate, by and through their respective attorneys of

///

record, to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion of the party providing such discovery (the "Producing Party"), contains any confidential information, including but not limited to third party privacy documents, research and development documents, internal testing and analysis, marketing plans and research, information constituting product specifications and/or regarding the technology used to make the party's products, trade secrets, customer lists and contact information, personnel information or proprietary information (including but not limited to pricing information and personal medical and financial information), or any other sensitive internal information whose disclosure to third parties would cause the producing party serious harm and/or place that party at a competitive disadvantage ("Confidential Information"), may be designated by the Producing Party as confidential.

2. The categories of information identified in paragraph one must be protected in order to protect the livelihood of the parties' businesses and to prevent either party from being put at a competitive disadvantage. Both parties are competitors in a niche market, producing and marketing a limited variety of specialized medical devices. If the parties' research, testing, development plans, marketing plans, customer base, financial data, and other sensitive internal information are not protected, there is a very high risk that each party's competitors, including each other, will use the information to their own business advantage, and to the detriment of the unprotected party who is forced to disclose documents without protection.

3. As this case will most likely proceed to trial, it is necessary for protection to be addressed by court order, as opposed to via solely a private agreement between the parties, so that the protection of confidential and trade secret information, as more particularly described above, is kept consistent throughout discovery, law and motion, and trial. A court order addressing protection will ease and facilitate the process of securing sealing orders in the future. This protective order is intended to protect not only information and documents disclosed during

discovery, but also to protect documents during trial, and shall be used in determining the admission of evidence at trial. Documents identified as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described more fully below, are intended by all parties to this agreement to be submitted to the court only under seal. Although the parties recognize that a specific request must be made each time documents are sealed, even in consideration of this protective order, pursuant to Local Rule 141, the parties intend for this protective order to streamline the sealing of documents, and to eliminate oppositions to sealing requests as to the documents clearly within the purview of this protective order. These provisions will serve the public interest and outweigh any interest in disclosure of confidential non-public information for all the reasons stated above.

4. The term "Litigation" used herein shall mean only the litigation pending before Eastern District of California, Sacramento Division, *Repro-Med Systems, Inc. v. EMED Technologies Corporation*, Case No. 2:13-CV-01957-TLN-CKD, and shall include the related Counterclaims filed in this proceeding by EMED.

5. Confidential Information may be designated as follows:

a. Documents or copies of the same provided by a Producing Party to the other Parties containing Confidential Information shall be designated by marking the page or the pages on which the Confidential Information appears with the legend: "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b. In lieu of marking each page, the Producing Party may, at its option, Bates-stamp the documents and identify in writing, groups of pages between which all the documents or information contain Confidential Information.

c. In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Stipulation and Order. However, copies of such documents must be marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d. Confidential Information disclosed at a deposition may be designated by a Producing Party as Confidential Information by: (1) clearly indicating at the

deposition and on the record, as set forth below, the specific testimony and/or exhibits containing the Confidential Information that is to be made subject to the provisions of this Stipulation and Order; and (2) clearly identifying in writing such designated testimony and/or exhibits to the other parties within 40 days of the completion of the deposition.

    e.    Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by the parties to the litigation by prominently marking each page containing Confidential Information with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    f.    The attorney of record shall be responsible for ensuring that any of their work product which contains Confidential Information of the Producing Party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court comply with this Protective Order.

    6.    Confidential Information shall only be disclosed and made available to the following designated persons:

    a.    The attorneys of record for each party to this action and their/its agents and firm staff, including associates, paralegals, secretaries, and support staff and the like;

    b.    Any person designated by order of the Court after notice to all Parties;

    c.    Independent experts or consultants retained by a party or counsel of record in connection with this Litigation ("Retained Experts or Consultants") who have been disclosed pursuant to Paragraph 15, provided such Retained Experts or Consultants agree to be bound by and sign the Agreement of Confidentiality (Exhibit A), to use such Confidential Information solely for purposes of this Litigation and not to disclose any such Confidential Information to any other person, firm, or concern;

    d.    Court stenographers, videographers, outside copy services, interpreters and translators, and third-party contractors and their employees involved solely in

document management services, whose functions require them to have access to Confidential Information;

    e. Judges, Magistrate Judges, law clerks, court reporters, and clerical personnel of the Court before which this action is pending;

    f. authors, drafters, or addressees of the documents or information; and

    g. any party witness (e.g., 30(b)(6) witnesses) of the producing party.

  7. Confidential Information shall not be disclosed to the parties themselves, or to party representatives. Instead, Confidential Information produced by a party shall be reviewed only by the opposing party's outside attorney, the outside attorney's agents, and experts, as set forth in paragraph six (6) of this Protective Order.

  8. All Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of this Litigation. No Confidential Information shall be provided to any person or any entity other than as specifically set forth herein. If any documents, things, or information received under this Protective Order and in the possession, custody, or control of any receiving party is sought by subpoena, discovery request or other compulsory process, the receiving party to whom the process, subpoena, or discovery request is directed shall (i) within five (5) business days after receipt thereof, and before producing the document, thing or information, give written notice of such process or discovery request together with a copy thereof, to counsel for the Producing Party; and (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request. The Producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, discovery request, or other such process. A receiving party may produce the requested materials in order to comply with a compulsory order issued by a judicial or governmental entity, after due notice and opportunity for all parties to be heard.

///

9. Nothing in this Order shall prevent a party from using any Confidential Information at depositions, mediation, or during a hearing in this Litigation. However, the Party using such information or material must request that the portion of the proceeding or the use of the material shall be made *in camera* and that the transcript of the portion of the proceeding be maintained under seal with access limited to persons entitled to access under this Order, in accordance with the Local Rules of this Court. During the course of any hearing or the trial of this Litigation, if any Party believes that the information sought contains Confidential Information, he, she or it may so declare.

10. Any Confidential Information, if submitted to the Court by a non-Producing Party, shall be filed under seal pursuant to the Court's Local Rules. Other filings, such as pleadings, motions, declarations, affidavits, etc., shall also be filed under seal pursuant to the Court's Local Rules if they quote or excerpt Confidential Information.

11. A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any point in these proceedings with the designation by the producing party of any confirmation of Confidential Information, the Party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party of Confidential Information consents in writing to such disclosure.

13. Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Litigation and, in the course of rendering advice, relying generally on his or her examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with this client, the attorney shall not disclose the contents of any Confidential Information produced by the Producing Party if that disclosure would be contrary to the terms of this Order.

14. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the parties' claim of confidentiality. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulation and Order. Such notification shall constitute a designation of the information as Confidential Information.

15. This Protective Order shall not prevent any of the parties from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order as it relates to the Stipulating Parties' documents.

16. Nothing in this Protective Order shall preclude any party to this action or their attorneys from (i) showing a document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, before this action was filed, or; (ii) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17. If any party desires to disclose Confidential Information to any expert, including experts who may testify at trial and experts employed only for trial preparation or consultant, the party's counsel must first give counsel for the Producing Party written notice as to each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed testifying expert or consultant, an up-to-date curriculum vitae identifying the witness's qualifications, including a list of all publications authored in the previous 10 years and a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition,.

(a) Counsel for the Producing Party shall have seven (7) business days from receipt of such notice to object to disclosure of such information as to any of the experts or consultants so identified.

///

      (b)    Any objections to the disclosure shall be submitted in writing and be accompanied by reasonable explanations regarding the basis for the objection and why an agreement to be bound by the dictates of this Protective Order will not provide the producing party with sufficient comfort to permit the disclosure.

      (c)    If no objection is made to such consultant or expert receiving Confidential Information within such seven (7) day period, then the Confidential Information may be disclosed to such consultant or expert.

      (d)    After satisfying the Court's meet and confer requirements, and within ten (10) calendar days after receiving the written objection, the objecting party may move the Court to rule as to whether the Confidential Information may be disclosed to such consultant or expert. In such instances, disclosure of the Confidential Information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

18.    In addition to the disclosures authorized above, Confidential Information may be made available, or the contents thereof disclosed, to witnesses testifying at any court hearing, at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

      (a)    in the case of a document, it appears that the witness has previously seen or received the Confidential Information contained therein, either because the document identifies the witness as an author, recipient, or because the document comes from the files of the witness;

      (b)    the lawyer disclosing such Confidential Information has a reasonable, good-faith belief based upon the witness' testimony or the testimony of other witnesses that the witness has had authorized previous access to the Confidential Information;

      (c)    the Producing Party agrees in writing that the witness may have access to the Confidential Information for purposes of his or her testimony at trial and/or at deposition; or

      (d)    the witness is employed by the Producing Party.

19. The Parties agree that no party or testifying expert is required to maintain or to produce an expert's draft reports, notes, outlines, and any other writings generated during this case and leading to his or her final report in this case. In addition, all communications between the expert and the party or its counsel who retained the expert, and all materials generated by a testifying expert with respect to his or her work on this case, shall be treated as provided by Federal Rule of Civil Procedure 26(b)(4)(B) and (C).

20. Upon final conclusion of this case, all confidential information produced pursuant to the terms of this protective order shall be destroyed or returned to the party that produced such confidential information within sixty (60) days following the date on which the judgment or other final order terminating the case is entered.

DATED: October 10, 2014          **DECHERT LLP**

By:  /s/ *Kevin M. Flannery*
  (as authorized on October 10, 2014)
  Kevin M. Flannery, PHV
  Stephen J. Ackerly, SBN 160757
  Vincent A. Gallo, PHV
  *Attorneys for Plaintiff and Counterclaim-Defendant Repro-Med Systems, Inc. (d/b/a RMS Medical Products)*

DATED: October 10, 2014          **WANGER JONES HELSLEY PC**

By:  /s/ *Oliver W. Wanger*
  Oliver W. Wanger
  Patrick Toole
  Josiah M. Prendergast
  Micaela L. Neal
  *Attorneys for Defendant and Counterclaim-Plaintiff EMED Technologies Corporation*

////
////
////
////
////

**IT IS SO ORDERED.**

Dated: October 15, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE