

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Francisco Villegas
212 957 2018
fvillegas@cohengresser.com

September 30, 2015

The Honorable Troy L. Nunley
United States District Court
Eastern District of California
501 I Street
Courtroom 2, 15th Floor
Sacramento, CA 95814

Re:  Repro-Med Systems, Inc. (d/b/a RMS Medical Products) v. EMED Technologies Corp.

   Case No. 2:13-cv-1957-TLN-CKD (E.D. Cal.)

Dear Judge Nunley:

   We are counsel for declaratory judgment plaintiff Repro-Med Systems, Inc. ("RMS") and write to notify the Court of defendant EMED Technologies Corp. ("EMED")'s recent commencement of a patent action against RMS in the Eastern District of Texas involving a closely related patent pertaining to the same technology, as well as the same products accused in the above-captioned action.

   On September 14, 2015, RMS consented to waive service of EMED's summons and complaint filed in the Eastern District of Texas, which alleges infringement of U.S. Pat. No. 8,961,476, *EMED Technologies Corp. v. Repro-Med Systems, Inc. (d/b/a RMS Medical Products)*, Case No. 2:15-cv-01167 (the "Texas case").  The similarities between the Texas case and the one pending before this Court are extensive.  The two actions allege infringement of related patents by the same inventor, describe the allegedly patented EMED technology the same way (safe removal of subcutaneous needles from patients and the safe disposal of needle and needle sets by sheathing the needle within a protective pair of folding wings during and after removal from a patient's skin), and accuse the same RMS products of infringing.

   EMED's commencement of this new case outside its home district creates the need for an orderly and efficient process to adjudicate these closely related patent disputes.  To that end, RMS



The Honorable Troy L. Nunley
September 30, 2015
Page 2


intends to file a motion to dismiss or in the alternative transfer the Texas case so that it can be consolidated with the action already pending before this Court.

To avoid duplicative efforts in two fora, RMS respectfully submits that the *Markman* phase in this case should not proceed until RMS's motion to transfer has been resolved.  Not only is the patent that EMED has asserted in Texas closely related to the one asserted before Your Honor, it is the grandchild of the patent in the case before this Court, which ensures that any factual or legal issues requiring reference to the inventive disclosure of either patent will refer back to the *same* common patent text.  Likewise, infringement and invalidity will all share common legal questions that would best be addressed together.  Fact discovery, too, will involve the same products, the same parties, the same inventor, similar prior art, and likely many of the same party witnesses.

Lastly, RMS further wishes to advise the Court that on September 15, 2015, RMS requested an *ex parte* reexamination of the '703 patent asserted in this case; and on September 17, 2015 RMS requested an *inter partes* review of the patent asserted in the Texas case.  Again, to the extent these proceedings affect pending litigation, if any, their relevance should be evaluated by the same court.

*                    *                    *

Given all the similarities between the two cases, it does not make sense to proceed on two tracks and risk duplicative and inefficient proceedings.


Very truly yours,

Francisco A. Villegas



cc:  All counsel of record