Francisco A. Villegas (SBN 206997)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York 10022
Phone:      (212) 957-7600
Facsimile:  (212) 957-4514
Email:      fvillegas@cohengresser.com

Attorney for Plaintiff and Counterclaim-Defendant
REPRO-MED SYSTEMS INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REPRO-MED SYSTEMS INC. (D/B/A RMS MEDICAL PRODUCTS),<br><br>  Plaintiff,<br><br>  v.<br><br>EMED TECHNOLOGIES CORPORATION,<br><br>  Defendant. | Case No. 2:13-cv-1957-TLN-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Date:  May 5, 2016<br>Time:  2:00 p.m.<br>Ctrm:  2 (Hon. Troy L. Nunley) |

# MEMORANDUM OF POINTS AND AUTHORITIES

History of Cohen & Gresser's Representation of RMS

As set forth in the Declaration of Francisco A. Villegas ("Villegas Decl."), RMS engaged Cohen & Gresser about eight months ago, in July 2015, to represent it in four different but factually related actions in three different fora:

(i) The instant action, which had been pending since 2013, where Dechert LLP withdrew as counsel;

(ii) A later-filed action against RMS, in the Eastern District of Texas, involving a related patent; and

(iii) Two proceedings before the United States Patent Office.

Villegas Decl. ¶ 3.

Unfortunately, RMS subsequently violated its written retainer agreement with Cohen & Gresser in two serious and fundamental ways: (i) it failed to cooperate with Cohen & Gresser in the preparation and conduct of this matter (as well as the other matters); and (ii) it failed to pay Cohen & Gresser's invoices in a timely way (currently, a large sum is outstanding). Pursuant to the retainer agreement, failure to cooperate and failure to pay promptly were agreed-upon reasons for Cohen & Gresser to withdraw from the representation. Villegas Decl. ¶¶ 4-10.

On February 3, 2016, Cohen & Gresser gave written and oral notice to RMS of its intention to withdraw from this case and the other cases unless communication and cooperation were greatly improved, and unless payment arrangements were made. Villegas Decl. ¶ 7. In taking this position, Cohen & Gresser was guided by (i) Local Rule 182(d) (Fed. R. Civ. P. 83), "Attorneys," which provides that lawyers practicing before this Court must adhere to the Rules of Professional Conduct of the State Bar of California (hereinafter "California Rules"); and (ii) Cohen & Gresser's awareness that California Rules 3-700(C)(1)(d) and (f) permit a lawyer to withdraw from a matter when the client's conduct

renders it "unreasonably difficult for the [lawyer] to carry out the employment effectively" and when the client breaches an agreement with the lawyer as to legal fees and expenses.

On March 4, 2016, when communication and cooperation had not improved, Cohen & Gresser gave notice to RMS that it would seek to withdraw from representing it. Villegas Decl. ¶¶ 8-12.

RMS has now retained new counsel to represent it in all three fora, and on information and belief will not object to Cohen & Gresser's withdrawal. Indeed, Dentons has already specifically requested from Cohen & Gresser all documents pertaining to all four actions, including the instant action, so that it can prepare for substitution of counsel, and Dentons has entered a Notice of Appearance in this action and in the Texas action. Villegas Decl. ¶¶ 16-19, and Exhs. A and B.

**A. This Court Should Permit Cohen & Gresser to Withdraw based on RMS's Failure to Cooperate and Comply With and Failure to Pay Cohen & Gresser**

The decision as to whether an attorney may withdraw is entrusted to the sound discretion of the Court. *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694 at * 2 (S.D. Cal. Feb. 13, 2008); *United States v. Lundstrom*, 291 Fed. Appx. 76, 77 (9th Cir. 2008). In considering such a motion, courts must weigh four factors.

> (1) The reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Id*. *See also Stewart v. Boeing Co.*, 2013 WL 3168269 at * 1 (C.D. Cal. Jun. 19, 2013); *Kassab v. San Diego Police Dept.*, 2008 WL 251935 (S.D. Cal. Jan. 29, 2008).

Here, as to the first factor, RMS's refusal to respond to and comply with Cohen & Gresser in the conduct of this litigation, and its refusal to pay Cohen & Gresser's invoices, are

the reasons that withdrawal is sought.  RMS's failure to respond to and comply with Cohen & Gresser's requests was not only a violation of RMS's agreement with Cohen & Gresser; this failure was, in addition, a stumbling block that made it unreasonably difficult for Cohen & Gresser to effectively represent RMS before this Court.  *Cf. Beard*, 2008 WL 410694 at * 3 (permitting withdrawal where client's failure to comply and communicate made it "unreasonably difficult" for the attorneys to adequately continue representation); *Canandaigua Wine Co. v. Moldauer*, 2009 WL 89141 at * 2 (E.D. Cal. Jan. 14, 2009) (permitting withdrawal, over the client's written objection, where it was clear that attorney and client had "reached an impasse with respect to case strategy").  *And see Hepl v. Kluge*, 104  Cal. App. 2d 461 (1st Distr. Ct. of Appeal 1951) (permitting attorneys to withdraw where there was "constant disagreement" about "the conduct of the litigation" and fees); *Board of Trustees of Sheet Metal Workers v. AAA Mechanical Construction*, 2002 WL 32731427 at * 1 (N.D. Cal. Oct, 9, 2002) (permitting attorney to withdraw where the attorney-client relationship had "broken down to such an extent that counsel no longer can represent" the client in the case.).

Detailed information regarding the history and significance of the breakdown of the relationship between Cohen & Gresser and RMS, and the reason that it is unreasonably difficult for Cohen & Gresser to represent RMS, can be provided to the Court *in camera.*  See Villegas Decl. ¶ 9.

Similarly, RMS's failure to pay Cohen & Gresser's invoices was not only a violation of RMS's agreement with Cohen & Gresser; it was also an unfair burden for Cohen & Gresser to have such a large outstanding non-payment.  *Cf. Canandaigua Wine Co*., 2009 WL 89141 at *2 (permitting withdrawal over the client's written objection where there was an impasse over client's payment of outstanding legal fees); *Stewart*, 2013 WL 3168269 at * 2 (permitting unpaid attorney to withdraw even though no substitute counsel had been retained, and stating,

"The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."); *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708 at *7-8 (N.D. Cal Jul. 6, 2007) (permitting unpaid attorney to withdraw because defendant breached agreement to pay him, although no substitute counsel had been retained); *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706 at *2 (C.D. Cal Oct. 30, 2008) (noting that failure to pay attorney's fees "alone can be reason enough to grant a motion to withdraw").

As to the second factor, there will be no prejudice to either litigant in this case. As set forth in the Declaration of Francisco A. Villegas, RMS has already retained Dentons as substitute counsel, and Dentons has already begun to work on relevant issues, including communicating with EMED's counsel regarding the issues underlying EMED's recent motion for injunctive relief. Dentons has already entered a Notice of Appearance for RMS in this case as well as the Texas case, and has requested from Cohen & Gresser all documents pertaining to all of the cases. It is therefore clear that RMS has asked Dentons to proceed swiftly to take over from Cohen & Gresser in all fora. Villegas Decl. ¶¶ 12, 16-21, and Exhs. A and B.

Accordingly, RMS will not be without representation here. *Cf. Stewart*, 2013 WL 3168269 at * 2 (allowing counsel to withdraw when there was no substitute counsel where there was "sufficient time for new counsel to be hired and familiarized with the case").

Significantly, counsel for EMED stated that if substitute counsel appears for RMS, EMED will have no objection to Cohen & Gresser's withdrawal. Villegas Decl. ¶ 23. Moreover, when Cohen & Gresser gave RMS written and oral warning that it intended to move to withdraw from the representation, EMED did not objection – but instead retained Dentons. Villegas Decl. ¶¶ 11-12. The parties' statements and actions are conclusive proof

that they themselves do not consider that they would be prejudiced by Cohen & Gresser's withdrawal.

Third and fourth, Cohen & Gresser's withdrawal would cause no harm to the administration of justice and cause no delay in this case. Cohen & Gresser does not seek to withdraw for tactical reasons or to delay the case. To the contrary, given the poor relationship between RMS and Cohen & Gresser over several months, Cohen & Gresser's withdrawal could only have a beneficial effect and might lead to an efficient resolution in this Court. Villegas Decl. at ¶¶ 20-22.

Specifically, this case has been pending for close to three years, and Cohen & Gresser has been involved in the case for about eight months. Over those eight months, Cohen & Gresser and RMS have not communicated well, and Cohen & Gresser believes that it lacks the information and compliance it needs to effectively represent RMS. For instance, with respect to the motion for injunctive relief recently filed by EMED, Cohen & Gresser was not even aware of the alleged recent FDA regulatory action referenced in the motion. Nor have Cohen & Gresser and RMS discussed this matter, though such discussion would be necessary for Cohen & Gresser to effectively represent RMS's interests. *Cf. Hershey v. Berkeley*, 2008 WL 4723610 at * 2 (C.D. Cal. Oct. 24, 2008) (permitting counsel to withdraw where client's "non-responsiveness has rendered it nearly impossible" for counsel to prosecute the action).

Accordingly, Cohen & Gresser's continued presence in the case, while having extremely poor communications with and cooperation from the plaintiff, could only harm efficiency and cause additional delays. *See* Villegas Decl. ¶ 9, 14-15, 21.

On the opposite side of the ledger, Cohen & Gresser would be materially harmed if forced to remain in the case, while being unpaid by RMS and hampered by an unreasonably difficult situation. It is beyond dispute that RMS has violated its retainer agreement with

Cohen & Gresser by failing to cooperate and comply, and failing to pay Cohen & Gresser's invoices. Moreover, RMS has not made arrangements for payments, though it owes Cohen & Gresser a large amount of money.  Cohen & Gresser has represented RMS for eight months, in three different fora.  For most of this work, Cohen & Gresser has not been compensated. Villegas Decl. ¶ 10.

      To conclude, given the breakdown in the relationship between Cohen & Gresser and RMS, RMS's failure to cooperate and comply with Cohen & Gresser, and RMS's failure to pay Cohen & Gresser, this Court should allow Cohen & Gresser to withdraw from the representation.  Substitute counsel is waiting in the wings.  Thus, the facts weigh heavily in favor of permitting Cohen & Gresser to withdraw.

      WHEREFORE, for all of the reasons stated herein and in the Villegas Declaration, Cohen & Gresser respectfully requests the Court's permission to withdraw as counsel for RMS, and for such other and further relief to which it may justly be entitled.

Dated:  March 25, 2016

/s/ Francisco A. Villegas
Francisco A. Villegas SBN 206997 (California)
**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
(212) 957-7600
fvillegas@cohengresser.com

*Attorney for RMS*
*Plaintiff and Counterclaim-Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this case.

/s/ Francisco A. Villegas
Francisco A. Villegas