Francisco A. Villegas (SBN 206997)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York  10022
Phone:         (212) 957-7600
Facsimile:    (212) 957-4514
Email:         fvillegas@cohengresser.com

Attorney for Plaintiff and Counterclaim-Defendant
REPRO-MED SYSTEMS INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REPRO-MED SYSTEMS INC. (D/B/A RMS MEDICAL PRODUCTS),<br><br>Plaintiff,<br><br>v.<br><br>EMED TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No. 2:13-cv-1957-TLN-CKD<br><br>**DECLARATION OF FRANCISCO A. VILLEGAS, ESQ. IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Date:   May 5, 2016<br>Time:  2:00 p.m.<br>Ctrm:  2 (Hon. Troy L. Nunley) |

1

DECLARATION OF FRANCISCO A. VILLEGAS, ESQ.
IN SUPPORT OF MOTION TO WITHDRAW

Case No. 2:13 cv 1957-TLN-CKD

I, Francisco A. Villegas, declare as follows:

1. I am an attorney at the firm of Cohen & Gresser LLP ("Cohen & Gresser"), which represents the plaintiff in this action, Repro-Med Systems, Inc. ("RMS").

2. I make this Declaration in support of Cohen & Gresser's motion to withdraw as counsel for RMS based on my own personal knowledge or, where specified, on information and belief based on documents and statements that I believe to be true and accurate.

History of Cohen & Gresser's Representation of RMS

3. On or about July 14, 2015, RMS retained Cohen & Gresser to represent it in four actions, in three different fora:

 (i) The instant lawsuit filed by RMS on or about September 20, 2013, where RMS had previously been represented by Dechert LLP;

 (ii) A lawsuit involving a closely related patent, brought against RMS by EMED Technologies Corporation ("EMED"), on or about June 25, 2015. *EMED Technologies Corp. v. Repro-Med Systems, Inc.*, Civ. Action No. 2:15-cv-01167-JRG-RSP; and

 (iii) An *Ex Parte* Reexamination and an *Inter Partes* Review filed on behalf of RMS in the United States Patent Office on or about September 15 and September 17, 2015, respectively.

4. In retaining Cohen & Gresser, RMS agreed to cooperate with Cohen & Gresser in the preparation and conduct of the representation and to pay Cohen & Gresser's invoices in a timely way. Failure to cooperate and failure to pay promptly were agreed-upon reasons for Cohen & Gresser to withdraw from the representation.

5. Within months after substituting for Dechert in the instant litigation, it became apparent to Cohen & Gresser that it could not effectively and professionally represent RMS unless the attorney-client relationship was greatly improved.

6. Accordingly, about six months after being retained, Cohen & Gresser gave notice to RMS of its intention to withdraw as counsel in all three fora if the attorney-client

relationship could not be significantly improved.  In taking this position, Cohen & Gresser was guided by:  (i) Local Rule 182(d) (Fed. R. Civ. P. 83), "Attorneys," which provides that lawyers practicing before this Court must adhere to the Rules of Professional Conduct of the State Bar of California (hereinafter "California Rules"); and (ii) Cohen & Gresser's awareness that California Rules 3-700(C)(1)(d) and (f) permit a lawyer to withdraw from a matter when the client's conduct renders it "unreasonably difficult for the [lawyer] to carry out the employment effectively" and when the client breaches an agreement with the lawyer as to legal fees and expenses.

7. In a writing dated February 3, 2016, and on a telephone conference of the same date, Cohen & Gresser advised RMS of two conditions that RMS would need to meet if Cohen & Gresser were to be able to carry out its ethical obligations to RMS and to this Court.

(i) RMS would need to become more responsive to and compliant with Cohen & Gresser's requests and advice; and

(ii) RMS would need to pay invoices as they came due, and set forth a payment schedule for outstanding invoices.

8. Unfortunately, over the ensuing weeks, RMS's responsiveness and compliance did not improve.

9. In the instant lawsuit, poor attorney-client communication and lack of compliance have impaired Cohen & Gresser's ability to function properly and have caused Cohen & Gresser unreasonable difficulty.  I will not set forth here the specifics of RMS's lack of responsiveness and compliance in light of California Rules 3-100, which governs an attorney's obligation to avoid disclosure of confidential information.  At the Court's request, I will amplify and explain my statements and respond to any questions the Court may have regarding the situation, *in camera.*

10. Further, although a payment was made after the February 3, 2016 notice, over half of the money owed to Cohen & Gresser by RMS, a very considerable amount, is still outstanding. RMS has not indicated that it intends to pay this amount. Nor, despite our urging, has RMS supplied a requested a schedule for payment.

11. Accordingly, on March 4, 2016, Cohen & Gresser advised Cyril N. Narishkin, the Interim Chief Operating Officer of RMS, who was our designated point of contact, that the conditions for continued representation set forth on February 3, 2016 had not been met, and that Cohen & Gresser believed it necessary to withdraw from representing RMS.

12. Mr. Narishkin responded that RMS would retain new counsel.

13. Subsequently, pursuant to L.R. 182(d), on March 25, 2016, I telephoned Andrew Sealfon, the President of RMS, in order to inform him that this motion would be made. I also mailed and emailed a copy of the instant motion papers to Mr. Narishkin at 24 Carpenter Road, Chester, NY 10918, the address of RMS; and to CNarishkin@rmsmedpro.com.

Withdrawal Will Not Have An Injurious Effect in this Litigation

14. I believe that Cohen & Gresser's withdrawal will not have an injurious effect on RMS or on EMED, and will not delay the progress of this case, for three reasons.

15. First, now and for several months, Cohen & Gresser is not in a position to represent RMS's interests.

16. Second, RMS advised Cohen & Gresser that it has retained substitute counsel to act for it in all three fora.

17. Subsequently, On March 24, 2016, R. Tyler Goodwyn IV, an attorney at Dentons US LLP ("Dentons"), contacted me and requested that I send him all litigation files

4

and other materials relevant to all cases, in anticipation of Dentons' substituting in as counsel (a request I am in the process of complying with). Mr. Goodwyn specifically asked for the documents pertaining to the instant case.

18. Later I learned that on March 25, 2016, Dentons US LL ("Dentons") entered a Notice of Appearance in both this action and the Texas action. *See* Exhibit A and B annexed hereto, are true and correct copies of Notices of Appearance of Counsel dated March 25, 2016.

19. Based on all of the above, I believe that RMS will not object to Cohen & Gresser's withdrawal from this case.

20. Third, just yesterday, March 24, 2016, EMED moved for injunctive relief in this Court, based on FDA correspondence and alleged recent FDA regulatory actions.

21. Cohen & Gresser has not advised RMS regarding the issues discussed in EMED's motion, and is not familiar with any such regulatory actions or issues. However, on information and belief based on correspondence forwarded to me by John B. Thomas, counsel for EMED, Dentons has already been in contact with EMED's attorneys regarding the issues underlying EMED's motion.

22. Accordingly, there will be no inefficiency or delay for Dentons, rather than Cohen & Gresser, to respond to EMED's motion. To the contrary, it would cause delay as well as unfairness for Cohen & Gresser to attempt to proceed.

23. Significantly, when informed by telephone on March 25, 2016 of Cohen & Gresser's intention to move to withdraw from representing RMS, John B. Thomas, counsel for EMED, stated that his client would not oppose the motion if new counsel simultaneously appeared for RMS.

24. Cohen & Gresser has already filed to withdraw as RMS's counsel in the pending *inter partes* Patent Office proceeding; and a motion to withdraw as counsel will shortly be made in the Eastern District of Texas case as well.

25. Accordingly, on behalf of Cohen & Gresser, I respectfully request leave of this Court to withdraw as counsel for RMS in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   March 25th, 2016
               New York, New York

/s/ Francisco A. Villegas
Francisco A. Villegas

*Attorney for RMS*
*Plaintiff and Counterclaim-Defendant*
