UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPRO-MED SYSTEMS, INC., doing business as RMS MEDICAL PRODUCTS,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>EMED TECHNOLOGIES CORPORATION,<br><br>Defendant and Cross Claimant. | No. 2:13-cv-01957-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on the Court's Order to Show Cause as to why Repro-Med Systems, Inc. ("RMS") should not be sanctioned for violating the Court's Preliminary Injunction by continuing to push product restrictions and disparaging Emed Technologies Corporation's ("Emed") products. (ECF No. 168.) The Court afforded RMS fourteen days to reply to the Order to Show Cause. RMS timely filed its reply. (ECF No. 169.)

On September 11, 2014, Emed moved to enjoin RMS from making statements that disparaged Emed's products and indicated RMS's needle sets and rate sets are the only sets FDA cleared to be used with RMS's Freedom 60 Pumps. (ECF No. 41.) After each party filed the appropriate briefing, the Court issued a preliminary injunction enjoining RMS as follows:

> Such entities and persons are enjoined from advertising, publicly disseminating, or for a commercial advantage making statements that:

(1) only RMS rate sets (flow rate control tubing sets) have FDA clearance for use with the Freedom 60;

(2) only RMS rate sets (flow rate control tubing sets) may be safely used with the Freedom 60;

(3) the warranty on the Freedom 60 is conditioned upon use of RMS rate sets (flow rate control tubing sets); or

(4) are otherwise inconsistent with the 510(k)s issued by the FDA for the devices at issue in this case, including: the January, 1994 510(k) (No. K935642); the December, 2012 510(k) (No. K123729) for the VersaRate; and the May, 2014 510(k) (No. K140133) for the Infusets.

(ECF No. 68 at 22–23.) On June 23, 2016, Emed moved for an Order to Show Cause ("OSC") why RMS should not be held in contempt of Court for violating the Court's preliminary injunction based on changing its labeling scheme to wording that violated the preliminary injunction. (ECF No. 98.) The Court issued an OSC (ECF No. 116) and subsequently discharged the OSC upon reviewing RMS's response. (ECF No. 134.)

In its now second Motion for an OSC, Emed asserts RMS is violating the same preliminary injunction by: (1) tweeting statements that violate the injunction; and (2) by conspiring with a former FDA official to draft false and misleading consumer complaints indicating Emed was marketing dangerous products. (ECF No. 165 at 4–5.) Upon review of the documents provided by both parties, the Court finds RMS has shown good cause to discharge the OSC.

That being said, the Court writes this Order as a warning and reprimand to both parties. The Court found enough merit in the Motion for OSC to issue the OSC. However, upon reading the response filed by RMS, the Court notes the Motion has an undercurrent of stretching the truth of the events occurring outside the view of this Court. Emed knew the limited nature of the preliminary injunction and presented the Court with an admittedly damning tweet and emails that nonetheless dealt with products not enjoined by the preliminary injunction. Additionally, the time on the email and the tweet suggest this information was in Emed's possession for a lengthy period before bringing the issue to the Court's attention. This loose enforcement of the preliminary injunction undermines the extraordinary nature of the issuance of such an order. This is not to

say Emed should file more motions for OSC's, in fact this paragraph serves as a warning to Emed that any future motions for OSC's with limited support and stretched facts will be viewed with disfavor.

Emed alone is not to blame for the Court's displeasure. In fact, RMS is similarly culpable as Emed's reply points out. First, RMS does seem to appreciate the damning nature of the email and tweet presented in the motion. RMS excuses the borderline unprofessionalism by highlighting the limited nature of the preliminary injunction. While it is true the Court limited its injunction to rate sets and freedom 60 products, these none too subtle reminders are viewed as a taunt that RMS's actions while questionably unprofessional are not actionable under the preliminary injunction issued by the Court. The Court will not extend the bounds of the preliminary injunction and stands by its limited nature, but notes for RMS that such statements only serve to fuel the Court's belief that the parties are acting in bad faith toward one another. So far, the discourse has been limited to actions between the parties and for this reason only, the Court will not issue sanctions to either party at this time.

However, the Court is weary of the antics and continuous fillings on both sides. The Court recommends that the parties heavily scrutinize all future filings to ensure they are meritorious and that the support is accurate and above board. The Court further recommends that the parties attempt a level of decorum and professionalism to each other both within the Court proceedings and outside the proceedings. Should the parties act within these recommendations, the Court believes this action will run much smoother and save precious judicial time and resources.

As stated above, the Court hereby DISCHARGES the Order to Show Cause (ECF No. 168).

IT IS SO ORDERED.

Dated: September 27, 2018

Troy L. Nunley
United States District Judge

3